IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2016

**STATE OF TENNESSEE v. MILTA BLANCHARD**

**Appeal from the Criminal Court for Shelby County**
**Nos. 98-01261, 98-07607, W98-01228-29     Carolyn Wade Blackett, Judge**

_____

**No. W2015-00286-CCA-R3-CD  -  Filed June 29, 2016**

_____

Defendant, Milta Blanchard, filed a motion under Tennessee Rule of Criminal Procedure 36.1 alleging that the judgments against him were illegal because he was out on bond in one of his cases when he was arrested on the three other cases.  The trial court granted Defendant's motion and vacated three of the judgments against him.  The trial court determined that the judgment for the offense for which Defendant was on bond was not illegal as it occurred first in time.  On appeal, Defendant argues that the trial court erred in correcting his illegal sentences on the concession of the State without first appointing counsel, holding a hearing, or providing him the opportunity to withdraw his plea.  After review of the record and the briefs, we conclude that the trial court lacked authority to grant Defendant's motion and that the judgments against Defendant should be reinstated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded; Judgments Reinstated**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Milta Blanchard, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Nicole Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Background

On February 3, 1998, in Case Number 98-01261, Defendant was indicted for one count of possession of a controlled substance with intent to sell and one count of

possession of a controlled substance with intent to deliver. The offenses were alleged to have occurred on August 1, 1997. On June 23, 1998, in Case Number 98-07607, Defendant was indicted for one count of being a convicted felon in possession of a handgun. The offense was alleged to have occurred on January 24, 1998.

On September 9, 1998, Defendant entered into plea agreements in each of these cases. In Case Number 98-01261, Defendant pled guilty to one count of possession of a controlled substance with intent to sell, for which he received a six-year sentence to be served concurrently with his sentence in Case Number 98-07607. In Case Number 98-07607, Defendant pled guilty to being a felon in possession of a handgun, for which he received a sentence of eighteen months to be served concurrently with his sentence in Case Number 98-01261. The plea agreement documents indicate Defendant also pled guilty to an unidentified crime in Case Number 98-07606 and received a six-month sentence aligned concurrently with the other sentences. However, the record does not contain a charging document or judgment in that case. Pursuant to the plea petition, the sentences were deferred until October 13, 1998, and the judgments were not entered until October 26, 1998.

Defendant was subsequently charged in Case Numbers W98-01228 and W98-01229 with driving after having been declared a habitual motor vehicle offender. The information filed in Case Number W98-01229 alleged that Defendant committed the offense on October 26, 1998. The record does not contain a charging document in Case Number W98-01228.

Defendant entered into separate plea agreements in each of his habitual motor vehicle offender cases. Defendant pled guilty as charged, for which he received concurrent sentences of two years, also aligned concurrently with the sentences in Case Numbers 98-01261, 98-07606, and 98-07607. The trial court entered an order accepting these plea petitions on January 22, 1999.

On or about April 3, 2014, Defendant filed a motion to correct an illegal sentence. Both parties have requested the trial court to supplement the record with the motion, but the trial court clerk has not been able to provide the appropriate document. We glean information concerning the motion from the other filings in the record. The State responded on May 23, 2014, admitting that Defendant's sentences in Case Numbers 98-07607, W98-01228, and W98-01229 were illegal because Defendant was out on bond when he was arrested on the charges underlying those convictions and, thus, the sentences should have been ordered to run consecutively. However, the State maintained that Defendant's six-year sentence in Case Number 98-01261 was not illegal because "it happened first in time" and Defendant was not on bond when he committed the offense underlying that conviction. The State requested that the trial court vacate the judgments

2

in Case Numbers 98-07607, W98-01228 and W98-01229 but allow the judgment in Case Number 98-01261 to stand. After reviewing Defendant's motion and the State's response, the trial court granted Defendant's motion to correct an illegal sentence and filed corrected judgments that same day, noting that the judgments in Case Numbers 98-07607, W98-01228, and W98-01229 were vacated.

On July 9, 2014, Defendant filed a motion to correct clerical mistakes noting that the judgment in Case Number 98-01261 still indicated concurrent sentencing although the other judgments had been vacated. The trial court entered an amended judgment removing any indication of concurrent sentences in Case Number 98-01261.

Defendant did not file a notice of appeal until March 30, 2015. On February 20, 2015, Defendant filed a motion to late-file his notice of appeal, claiming he did not learn about the disposition of his motion to correct an illegal sentence until June 2014 and that he had attempted to file numerous notices of appeal in the trial court since July 2014, but that they were never processed by the Shelby County Criminal Court Clerk's Office. On February 27, 2015, this court requested additional information regarding Defendant's motion to late-file his notice of appeal. Defendant filed a supplemental motion with additional documentation on March 11, 2015. On March 20, 2015, this court granted Defendant's motion to accept a late-filed notice of appeal.

Analysis

On appeal, Defendant argues that the trial court erred in correcting his illegal sentences on the concession of the State without first appointing counsel, holding a hearing, or providing him the opportunity to withdraw his plea.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on

3

the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. See Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court recently stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

Our supreme court recently analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). In this case, Defendant was sentenced to one six-year sentence and one eighteen-month sentence, with the sentences aligned concurrently and set to begin on October 26, 1998. On January 22, 1999, Defendant received two additional sentences of two years each, with the sentences aligned concurrently with each other and the sentence imposed in the earlier cases. Accordingly, Defendant's sentences would have expired, at the very latest, on October 26, 2004. Defendant did not file his motion to correct an illegal sentence until April 2014, almost ten years after his sentences would have expired. Thus, the trial court lacked the authority to grant Defendant's motion, and this matter is remanded to the trial court with instructions to reinstate the judgments in Case Numbers 98-07607, W98-01228, W98-01229, and 98-01261.

_____
THOMAS T. WOODALL, PRESIDING JUDGE